UNITED STATES of America, Plaintiff–Appellee,

v.

Patrick FUNCHESS, Defendant–Appellant.

No. 15–10016
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

July 30, 2015.

Wifredo A. Ferrer, Andrea G. Hoffman, Kathleen Mary Salyer, Robin W. Waugh, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Patrick Funchess, Coleman, FL, pro se.

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Patrick Funchess, proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Funchess argues the district court erred in denying his motion because he is entitled to a reduction under Amendment 782 of the Sentencing

Guidelines, U.S.S.G.App. C, amend. 782. Upon review, we affirm.[1]

"Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore,* 541 F.3d 1323, 1330 (11th Cir.2008); *see also* U.S.S.G. § 1B1.10(a)(2)(B) (stating a reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range"). Funchess's applicable guidelines range was determined by the career-offender guideline, U.S.S.G. § 4B1.1(a), not the drug quantity table, U.S.S.G. § 2D1.1(c). Since Amendment 782 amended the drug quantity table, and not the career-offender guideline upon which Funchess's sentence was based, § 3582(c)(2) relief is not available to Funchess under Amendment 782. The district court therefore did not err in denying the motion for a sentence reduction.

**AFFIRMED.**

---

1. We review de novo a district's court's legal conclusions as to the scope of its authority under § 3582(c)(2). *United States v. Phillips,* 597 F.3d 1190, 1194 n. 9 (11th Cir.2010).